Bar Docket No. 07708

In the Matter of CORTLAND E. BERRY, RESPONDENT.

68 P.3d 134

In a letter received April 30, 2003, by the Clerk of the Appellate Courts, respondent Cortland E. Berry, of Wichita, an attorney admitted to practice of law in the state of Kansas, voluntarily surrendered his license to practice law in Kansas, pursuant to Supreme Court Rule 217 (2002 Kan. Ct. Annot. 275).

At the time the respondent surrendered his license, review was pending before the Kansas Supreme Court on the Final Hearing Report in accordance with Supreme Court Rule 212 (2002 Kan. Ct. R. Annot. 266). The Final Hearing Report concerned allegations of misconduct contained in 11 complaints. The complaints alleged respondent lacked competence and diligence, failed to expedite litigation, failed to comply with a legally proper discovery request, engaged in the unauthorized practice of law under this court's order of suspension, made unrestrained and intemperate statements about certain members of the judiciary, failed to provide written responses to initial complaints, failed to file a written Answer to the Formal Complaint, and engaged in other conduct that adversely reflected on the respondent's fitness to practice law.

In previous attorney disciplinary proceedings, the respondent received an 18-month suspension from the practice of law. *In re Berry,* 274 Kan. 336, 50 P.3d 20 (2002).

This court, having examined the files of the office of the Disciplinary Administrator, finds that the surrender of the respondent's license should be accepted and that the respondent should be disbarred.

IT IS THEREFORE ORDERED that Cortland E. Berry be and is hereby disbarred from the practice of law in Kansas and his license and privilege to practice law are hereby revoked.

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts strike the name of Cortland E. Berry from the roll of attorneys licensed to practice law in Kansas.

IT IS FURTHER ORDERED that this order shall be published in the Kansas Reports, that the costs herein shall be assessed to the respondent, and that the respondent forthwith shall comply with Supreme Court Rule 218 (2002 Kan. Ct. R. Annot. 279).